O
JS-6

# United States District Court
# Central District of California

MANUEL BANDERAS,

               Plaintiff,

     v.

PENTAIR WATER POOL AND SPA, INC.; MELINA ANGULO; and DOES 1-20, inclusive,

               Defendants.

Case № 5:21-cv-01369-ODW (KKx)

**ORDER GRANTING MOTION TO REMAND [10]; and DENYING MOTION TO DISMISS [11]**

## I.   INTRODUCTION

Plaintiff Manuel Banderas initiated this employment suit in the San Bernardino County Superior Court against his former employer, Pentair Water Pool and Spa, Inc., and his former supervisor, Melina Angulo (together, "Defendants"). (Notice of Removal ("NOR"), Ex. A ("Compl."), ECF No. 1-1.) Defendants removed the action to this Court based on alleged diversity jurisdiction. (NOR ¶ 8.) Plaintiff now moves to remand. (Mot. to Remand ("Mot."), ECF No. 10.) For the reasons discussed below, the Court finds that it lacks subject matter jurisdiction and consequently **REMANDS** this action to state court.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.  BACKGROUND

Banderas alleges that he was fired from his position as a material handler at Pentair after working there for 37 years.  (Compl. ¶ 11.)  Sometime in 2020, Banderas reported to Pentair that he sustained injuries related to his work, resulting in a "left hand nerve issue" that made it difficult to perform his duties.  (Compl. ¶¶ 11, 12.)  Banderas requested a cart to help him perform his duties but alleges Defendant Melina Angulo denied his request and then decided to terminate Banderas following his injury report and cart request.  (Compl. ¶ 12.)

Banderas brings eight causes of action against Pentair and a ninth cause of action for retaliation in violation of California Labor Code section 6310 against Pentair and Angulo.  (Compl. ¶¶ 14–68.)  Banderas and Angulo are citizens of California, and Pentair is a Delaware corporation based in Minnesota.  (Mot. 2 n.1; NOR ¶¶ 9–12.)  Defendants removed the action to this Court based on diversity jurisdiction, arguing that Banderas fraudulently joined Angulo and the Court should disregard her citizenship.  (NOR ¶¶ 13–19.)  Banderas now moves to remand for lack of subject matter jurisdiction.  (*See* Mot.)

## III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where a claim arises from federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship, and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  As there is a strong presumption against removal jurisdiction, federal courts must reject jurisdiction if a defendant does not meet their burden of establishing the "right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

1  (9th Cir. 1992).  A removed action must be remanded to state court if the federal court
2  lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

3                               **IV.    DISCUSSION**

4          The Supreme Court has consistently held that where a defendant invokes
5  diversity of citizenship as the basis of the court's subject matter jurisdiction, as
6  Defendants have done here, 28 U.S.C. § 1332 requires complete diversity.  *See e.g.*
7  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  The presence
8  of a single defendant with the same citizenship as a plaintiff destroys complete diversity
9  and deprives federal courts of jurisdiction.  *Id.*

10         The parties do not dispute that the amount in controversy exceeds $75,000.
11  (NOR ¶ 8; *see generally* Mot.)  However, although Defendants assert complete diversity
12  exists, they do not deny that Banderas and Angulo are both California citizens.  (NOR
13  ¶¶ 9–19.)  Banderas contends his common citizenship with Angulo defeats complete
14  diversity and destroys this Court's subject matter jurisdiction.  (*See* Mot.)  Defendants
15  argue the Court should disregard Angulo's citizenship on the grounds that she is
16  fraudulently joined.  (*See* NOR ¶¶ 13–19.)

17         District courts may disregard the citizenship of defendants who have been
18  fraudulently joined for the purpose of assessing complete diversity.  *Grancare, LLC v.*
19  *Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake &*
20  *Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).  "If the plaintiff fails to state a
21  cause of action against a resident defendant, and the failure is obvious according to the
22  settled rules of the state, the joinder of the resident defendant is fraudulent."  *Hamilton*
23  *Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting
24  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).  However, there is
25  a strong presumption against fraudulent joinder, and thus, "[f]raudulent joinder must be
26  proven by clear and convincing evidence."  *Id.*  It is not enough to show that a plaintiff
27  is unlikely to prevail on her claim; the defendant must show by clear and convincing
28  evidence that there is no "*possibility*" that a state court would find that the complaint

states a cause of action against any of the [non-diverse] defendants." *Grancare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)); *Hamilton Materials*, 494 F.3d at 1206; *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a [fraudulent] defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.").

Defendants argue Banderas could not possibly succeed on his cause of action against Angulo because: (A) section 6310 does not provide for individual liability, and (B) Banderas fails to state a claim against Angulo and leave to amend should be denied. (Opp'n Mot. ("Opp'n") 4–7, ECF No. 13.)  Defendants' arguments are unavailing.

## A.   Individual Liability Under California Labor Code Section 6310

Defendants contend that Banderas cannot possibly succeed against Angulo under Labor Code section 6310 because the statute does not provide for individual liability. (NOR ¶ 17; Opp'n 4–6.)  However, California law is not so settled that Banderas's claim obviously fails.

Labor Code section 6310 provides: "(a) No person shall discharge or in any manner discriminate against any employee because the employee . . . (4) [r]eported a work-related fatality, injury, or illness . . ."  This makes it unlawful to fire or otherwise retaliate against an employee who makes a workplace safety complaint.  *See Lujan v. Minagar*, 124 Cal. App. 4th 1040, 1043 (2004).  Section 6310 "reflects a significant public policy interest in encouraging employees to report health and safety hazards existing in the workplace without fear of discrimination or reprisal." *Ferrick v. Santa Clara Univ.*, 231 Cal. App. 4th 1337, 1350 (2014).

Defendants rely primarily on caselaw where courts interpreted meaningfully different causes of action from the one at issue here, including violations of Labor Code sections 1194 and 510, FEHA discrimination and retaliation claims, and common law wrongful discharge.  (*See* Opp'n 4.)  Regarding the discrimination claims under

section 6310 at issue here, Defendants rely exclusively on *Hart v. Tuolumne Fire District*, No. CV F 11-1272-LJO (DLBx), 2011 WL 3847088, at *10 (E.D. Cal. Aug. 30, 2011).  (Opp'n 4–5.)  There, the court narrowly examined the language in section 6310(b) and determined that "the enforcement provision of [that subsection] is against the employer," not an individual employee or supervisor.  *Hart*, 2011 WL 3847088, at *10.  However, this is but one opinion, and other courts have held to the contrary.

For instance, Banderas cites *Thompson v. Genon Energy Servs., LLC*, where the court remanded for lack of diversity jurisdiction in part because the word "person" in section 6310(a) could be read to impose the obligation not to retaliate on individuals. No. C13-0187-TEH, 2013 WL 968224 at *5 (N.D. Cal. Mar. 12, 2013).  It was thus "not . . . obvious under the settled law of California that an action cannot proceed against individual supervisors under Labor Code § 6310."  *Id.*  Therefore, the defendants in *Thompson* failed to meet the "heavy burden required to justify removal based on fraudulent joinder."  *Id.*  Although there is a lack of California precedential caselaw directly on point, *see id.* at 4–5, several district courts in California have followed *Thompson's* reasoning, highlighting that state law is not settled against Banderas's position, *see, e.g.*, *De La Torre v. Progress Rail Servs. Corp.*, No. CV 15-4526-FMO (GJSx), 2015 WL 4607730, at *5 (C.D. Cal. July 31, 2015) (finding "it is not obvious under settled California law that individual liability does not exist under § 6310"); *Boone v. Carlsbad Cmty. Church*, No. 08-CV-0634 W (AJB), 2008 WL 2357238, at *7 (S.D. Cal. June 6, 2008) (finding that prior case law on which Defendants here rely "does not foreclose individual liability under . . . section 6310").

This Court need not determine which interpretation of section 6310 is correct. For the purposes of this Motion, it is enough that California law is not settled on the issue and Banderas could possibly recover under section 6310 against Angulo.

**B.     Sufficiency of Banderas's Complaint**

Defendants contend that Banderas failed to sufficiently plead a causal connection between his cart request and his termination and thus fails to establish a prima facie retaliation case.  (Opp'n 6.)  But Banderas's allegations need not withstand a motion to dismiss at this time; here, it is enough if there is a "*possibility* that a state court would find that the complaint states a cause of action."  *Grancare*, 889 F.3d at 548, 549 ("[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent.").

Banderas alleges that "Angulo was hostile to Plaintiff as a result of his reporting of a workplace injury and denied him the requested accommodation."  (Compl. ¶ 65.) Banderas "believes Angulo denied his request for a cart and made the decision to terminate Plaintiff following his report of a work related injury and request for the cart." (Compl. ¶ 12.)  These allegations establish the possibility that Banderas could state a valid claim against Angulo.  Furthermore, even if Banderas's allegations are presently lacking, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla*, 697 F. Supp. 2d at 1159 (quoting *Burris v. AT & T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).  Defendants have not made such a showing.

Defendants have not met their burden to demonstrate that no possibility exists for Banderas to recover against Angulo.  Therefore, the Court finds that Angulo was properly joined.   Angulo's resulting presence in the action destroys diversity of citizenship and the Court's subject matter jurisdiction.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand.  (ECF No. 10.)  The Court **REMANDS** this action to the Superior Court of the State of California, County of San Bernardino, 247 West Third Street, San Bernardino, California 92415, Case No. CIVSB2118045.  The Court **DENIES AS MOOT** Defendant Melina Angulo's Motion to Dismiss.  (ECF No. 11.)  All dates and deadlines are **VACATED**.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

November 15, 2021

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**